# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02484

NIEVES ESPARZA,
        Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
        Defendant.

_____

## DEFENDANT ALLSTATE'S NOTICE OF REMOVAL OF ACTION
_____

Pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, Defendant Allstate Insurance Company (hereinafter, "Allstate"), hereby files its Notice of Removal of the above-captioned action to this Court, and states as follows:

1. Allstate is a named defendant in Civil Action No. 2019CV30013 in Prowers County District Court (the "State Court Action").

2. The Complaint in the State Court Action was filed with the Clerk of Prowers County District Court, State of Colorado on July 29, 2019. The Plaintiff served the Summons, Civil Case Cover Sheet, and Complaint on Allstate, through the Colorado Division of Insurance, on August 9, 2019.

3. To the best of Allstate's knowledge, all pleadings that have been filed or served in the State Court Action are attached hereto. *See* **Exhibit A**. To the best of Allstate's knowledge, no further proceedings, process, pleadings, orders, or other papers have been filed or served in the State Court Action.

4. Allstate avers that this Court has diversity jurisdiction over the Plaintiff's claims because this is a civil action between parties of diverse citizenship. Additionally, the Plaintiff alleges that the amount in controversy exceeds $100,000.00. Thus, this Court has original jurisdiction pursuant to 28 U.S.C.A. § 1332.

5. The Plaintiff is a citizen of Colorado. The Plaintiff has resided in Colorado since at least 2016. On October 20, 2016, the Plaintiff registered as a voter and noted her address to be 314 N. 8th Street, Lamar, Colorado 81052. *See* **Exhibit B**. Plaintiff renewed her insurance policy with the Defendant on January 5, 2018, at which time she noted her address to be the same. *See* **Exhibit C**. On March 1, 2018, the date of the subject accident, Plaintiff again represented that she resided at 314 North 8th Street, Lamar, Colorado 81052. *See* **Exhibit D**. As of the filing of the Complaint on July 29, 2019, the Complaint identified the Plaintiff as a resident of Colorado residing at that same address. *See* **Exhibit A**, Pl.'s Compl., pp. 1, 5. The Defendant asserts that the Plaintiff's domicile is evident by the Exhibits provided above. *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (stating, "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state"); *see also Pac. Specialty Ins. Co. v. Poirer*, No. 18-cv-00880-PAB, 2018 WL 4697323, at *1 (D. Colo. June 27, 2018) (holding that Courts typically consider several other factors in determining a party's citizenship, including voter registration and voting practices). Thus, the Plaintiff is properly domiciled in Colorado and is a citizen of the State of Colorado.

6. Allstate was, and still is a foreign corporation licensed to do business in the state of Colorado; however, Allstate's principal place of business is 2775 Sanders Road, Northbrook, Illinois 60062. *See* **Exhibit E**, Office of the Illinois Secretary of State, Corporation File Detail Report for The Allstate Corporation. Additionally, Allstate is

incorporated in Delaware. The Parties are therefore citizens of different states and thus this civil action is one that may be removed to this Court by Allstate pursuant to the provisions of 28 U.S.C. § 1446(a) because this Court has diversity jurisdiction.

7.  The Plaintiff alleges that due to a motor vehicle accident with an underinsured motorist, she has suffered injuries, damages, and losses, and is seeking uninsured motorist benefits under a policy with limits of $50,000 per person and $100,000 per incident. Moreover, the Plaintiff noted in her District Court Civil Case Cover Sheet that she is seeking a monetary judgment for more than $100,000.00. *See* **Exhibit A**, Civil Cover Sheet ¶ 2. Of equal import, the Plaintiff is seeking damages for alleged violation of C.R.S. § 10-3-1116 as two times the covered underinsured motorist benefits, plus reasonable attorney fees. *See* **Exhibit A**, Pl.'s Compl., ¶ 29. Therefore, it can reasonably be inferred that the Plaintiff is seeking damages in excess of $100,000.00, exclusive of interest and costs.

8.  Promptly after the filing of this Notice of Removal, Allstate shall provide notice of the removal to the Plaintiff in the State Court Action and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Allstate prays that the above-described action now pending in Prowers County District Court, be removed therefrom to this Court.

Respectfully submitted this 30th day of August, 2019.

By: *s/ Devon D.A. Bell*
Rebecca K. Wagner, Atty. Reg. No. 33473
Devon D.A. Bell, Atty. Reg. No. 48775
Campbell, Wagner, Frazier & Dvorchak, LLC
5251 DTC Parkway, Suite 350
Greenwood Village, CO 80111
Telephone: (303) 831-5990
FAX: (303) 832-7144
Email: rwagner@cwfd-law.net
dbell@cwfd-law.net
*Attorneys for the Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2019, I presented the foregoing **DEFENDANT ALLSTATE'S NOTICE OF REMOVAL OF ACTION** to the Clerk of the Court for filing and uploading to the CM/ECF system.

*s/ Kim Brown*
Kim Brown