| | |
|---|---|
| DISTRICT COURT, PROWERS COUNTY, COLORADO<br><br>Court Address: 301 S. Main St.<br>Sute 300<br>Lamar, CO 81052 | DATE FILED: July 29, 2019 12:01 PM<br>FILING ID: 4A2DDB72CFA8A<br>CASE NUMBER: 2019CV30013 |
| Plaintiff:    Nieves Esparza<br><br>v<br><br>Defendant: Allstate Insurance Company | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff<br><br>Shannon K. Baillargeon, #52758<br>Erica A. Vecchio, #36983<br>Franklin D. Azar & Associates, P.C.<br>400 North Main Street<br>Pueblo, Colorado 81003<br>Phone Number: (719) 544-8000<br>Fax Number:     (719) 545-4357<br>E-Mail: baillargeons@fdazar.com<br>           vecchioe@fdazar.com | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT** | |

COMES NOW Plaintiff, Nieves Esparza, by and through her attorneys, Franklin D. Azar and Associates, P.C., for her Complaint against the Defendant, states and alleges as follows:

## GENERAL ALLEGATIONS

1.   Mrs. Esparza is an individual and resident of the State of Colorado.

2.   Defendant Allstate Insurance Company hereinafter "Allstate" is a corporation doing business in the State of Colorado.

3.   Venue is proper herein pursuant to C.R.C.P. 98.

4.   This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

5.      On or about March 1, 2018, Ms. Esparza was the driver of a 2007 Toyota Camry, driving northbound on north 6th Street in Lamar, Colorado.

6.      A vehicle driven by Octavio Baeza-Medrano, an under-insured motorist (UIM), was driving westbound on east Hickory Street.

7.      The UIM driver failed to stop at the stop sign and collided with the driver side of Mrs. Esparza's vehicle.

8.      Mrs. Esparza was not negligent on the occasion in question.

9.      The liability policy limits for Progressive were $50,000.

10.     Mrs. Esparza accepted the $50,000 limits from Progressive with Defendant Allstate's consent to settle her claims.

11.     On July 13, 2018, Mrs. Esparza sent a signed medical authorization form to Defendant Allstate.

12.     Mrs. Esparza presented bills and records to Defendant Allstate on July 9, 2018 in the amount of $18,273.07.

13.     On April 30, 2019, Mrs. Esparza presented additional bills and records in the amount of $26,120.00 totaling $28,362.07 in medical bills to Defendant Allstate.

14.     On May 29, 2019, Mrs. Esparza received a letter from Defendant Allstate stating that Mrs. Esparza was fully compensated from the bodily injury settlement with Progressive in the amount of $50,000.

15.     On June 4, 2019, Mrs. Esparza sent a letter to Defendant Allstate asking whether any bills were not considered or reduced by Defendant Allstate.

16.     On June 5, 2019, Mrs. Esparza received a letter from Defendant Allstate stating that they took into consideration the bills from Dr. Helffenstein, Ph.d. who recommended Mrs. Esparza see a Spanish speaking neuropsychologist and that Defendant Allstate did not have any supporting documents if that follow up treatment was rendered.

17.     On June 24, 2019, Mrs. Esparza sent a letter to Defendant Allstate replying to the June 5th letter stating that Mrs. Esparza did, in fact, follow up with a Spanish speaking neuropsychologist, Dr. Mirich and those bills and records were sent to Defendant Allstate on April 30, 2019.

18.     On June 26, 2019, Mrs. Esparza received a letter from Defendant Allstate replying to the June 24th letter stating that Defendant Allstate did previously review the report from Dr. Mirich and Dr. Helffenstein and previously considered both reports in the evaluation.

19.     The letter Mrs. Esparza received on June 5, 2019 did not mention any consideration of Dr. Mirich's report and also stated Defendant Allstate did not have any supporting documents of the treatment from Dr. Mirich.

20.     Defendant Allstate has not paid Mrs. Esparza any UIM benefits as of the date of filing this Complaint.

## FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

21.     Mrs. Esparza incorporates all prior allegations as though fully set forth herein.

22.     Sometime prior to the accident, Mrs. Esparza entered into a contract with Defendant Allstate for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving uninsured and under-insured motorists.

23.     At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant Allstate.

23.     Mrs. Esparza has advised Defendant Allstate of a claim for under-insured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant Allstate in connection with the claim.

24.     Mrs. Esparza is an intended beneficiary of Defendant Allstate's insurance policy/contract and is therefore entitled to enforce its terms.

25.     Mrs. Esparza is entitled to be compensated by Defendant Allstate for all damages she has incurred, including pain, suffering, lost of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, and disability, under the under-insured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF
### (FIRST PARY STATUTORY CLAIM
### UNDER C.R.S. § 10-3-1116)

26. Mrs. Esparza incorporates all prior allegations as though fully set forth herein.

27. Defendant Allstate has denied and delayed payment of under-insured motorist benefits to Plaintiff without a reasonable basis for its action.

28. Defendant Allstate's unreasonable position and conduct has caused Mrs. Esparza damage by the loss of the compensation that is due to her and which Defendant should have previously paid to her.

29. In accordance with C.R.S. §10-3-1116, Mrs. Esparza is entitled to recover from Defendant Allstate two times the covered under-insured motorist benefits plus reasonable attorney's fees and court costs.

### THIRD CLAIM FOR RELIEF
### (BAD FAITH)

30. Mrs. Esparza incorporates all prior allegations as though fully set forth herein.

31. Defendant Allstate owed Mrs. Esparza a duty to act in good faith in reviewing, adjusting, and settling her claims.

32. Defendant Allstate breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

    (a) Compelling this Plaintiff to institute litigation to recover amounts due her under the under-insured motorist bodily injury liability benefits afforded Plaintiff under the insurance policy;
    (b) Favoring the interests of Defendant Allstate, an insurer, over those of Plaintiff, an insured, to whom Defendant Allstate owes fiduciary and statutory duties;
    (c) Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an under-insured motorist;
    (d) Incompetently evaluating Plaintiff's claim; and
    (e) Failing to issue a Fisher payment.

33. Defendant Allstate's actions are unreasonable.

34. Defendant Allstate knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

35. As a direct result of Defendant's breaches of its duties to its insured, Mrs. Esparza has been damaged including, but not necessarily limited to:

      a. Being forced to incur additional costs in litigation;
      b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendant; and
      c. Being deprived of the use of funds that would otherwise be used for such things as medical treatment and for lost wage coverage which should have been paid by now.

WHEREFORE, Mrs. Esparza prays for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully submitted July 29, 2019.

FRANKLIN D. AZAR & ASSOCIATES, P.C.
*Original duly signed and on file at the office of Franklin D. Azar & Associates, P.C.*
By: *Shannon K. Baillargeon*
Shannon K. Baillargeon, #52758
Counsel for Plaintiff

**Plaintiff's Address:**
**314 N. 8th Street**
**Lamar, CO 81052**

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*